**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                        Criminal No. 10-mj-081-01-DL

Jose Alberto Avila
a/k/a Victor Estrada Barrios

### ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on October 6, 2010, for the purpose of determining whether to detain defendant, Jose Alberto Avila, who has been charged by complaint with re-entry after deportation in violation of 8 U.S.C. § 1326(a).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the

1

evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

Here, the government and the defendant agreed to conduct the hearing by offers of proof. The government did not argue that defendant is a danger. Rather, the government argued that defendant is a flight risk. For the

reasons stated more fully on the record, I find that the government met its burden of persuading the court by a preponderance that defendant is a flight risk.

In finding that there are no conditions or combination of conditions that will reasonably assure the defendant's appearance, I rely on the following:

- The nature of the underlying offense involves defendant's alleged illegal re-entry into this country after having been deported.

- The government proffered evidence that defendant used an alias to gain re-entry.

- Defendant has been arrested recently on a charge of having used a false name and social security number in attempting to secure employment.

- The government proffered that defendant is currently being held on a U.S. Immigrations and Customs Enforcement ("ICE") detainer.  In the absence of the instant charge, ICE would likely deport defendant immediately to Guatemala, his country of origin.

Upon full consideration of the arguments offered by the government and defense, and for the reasons listed supra and stated on the record, I find that there are no conditions or combination of conditions that will assure

defendant's appearance.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The court requests that the United States Marshal make reasonable efforts to ensure that wherever defendant is incarcerated, that he is provided all of his necessary medications.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 7, 2010
cc:  Jessica Brown, Esq.
     U.S. Attorney
     U.S. Probation
     U.S. Marshal